UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EDEN DAVIS, on behalf of her minor child, G.G., individually, and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CREDIT COLLECTION SERVS.,**<br><br>**Defendant.** | Civ. No. 2:17-00704 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

    Plaintiff G.G., through her guardian *ad litem*, brings this putative class action against Defendant Credit Collection Services (CCS) ("Defendant"), alleging violations under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), in connection with attempts to collect medical debts from minors. This matter comes before the Court on Plaintiff's motion to strike Defendant's unfiled Rule 68 Offer of Judgment. The matter was taken on submission without oral argument. FED. R. CIV. P. 78(b). For the reasons set forth below, Plaintiff's motion to strike is **DENIED**.

**I.    BACKGROUND**

    CCS, a corporation with a place of business in Norwood, Massachusetts, attempts to collect, on behalf of clients, consumer debts incurred for personal, family, and household purposes. Def.'s Answer Am. Compl. Second ¶¶ 5-6, ECF. No. 15. On June 12, 2017, Plaintiff, a six-year-old, averred that Defendant's mailing of a dunning letter to a minor constituted an illegal attempt under the FDCPA to collect a debt and seeks to recover statutory damages. Am. Comp. Second ¶¶ 12, 27-29 ("Compl."), ECF No. 10; *see* 15 U.S.C. § 1692k (FDCPA damages).[1] The next day, under Rule 68 of the Federal Rules of Civil Procedure (the "Rules"), Defendant made the named Plaintiff an offer of judgment to settle

---

[1] In a single FDCPA claim, the maximum statutory damages for any one individual is $1,000 and the maximum amount of damages available to the putative class is the lesser of $500,000 or 1% of the defendant-debt collector's net worth. 15 U.S.C. § 1692k(a)(2)(A)-(B).

the FDCPA claims in the amount of $1,001, plus costs and reasonable attorney's fees, as well as making Plaintiff responsible for the cost of litigating this matter should the final judgment obtained be less favorable than the Offer. Pl.'s Mot. to Strike, Ex. 2 ("Pl.'s Mot."), ECF No. 12-2. The Offer was made to the named plaintiff in her individual capacity. On June 23, 2017, Plaintiff filed a Motion to Strike Defendant's Rule 68 Offer of Judgment.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "Because of the drastic nature of the remedy, however, motions to strike are usually 'viewed with disfavor' and will generally 'be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.'" *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002) (internal citation omitted).

## III. DISCUSSION

First, the Court will address the arguments concerning mootness of a class action in an attempt to "pick off" a named plaintiff. Next, it will turn to the conflict of interest between a named plaintiff and the putative class in shifting the risk of costs under Rule 68 and the effect of attempting to strike an unfiled offer of judgment. In all, an offer of judgment does not moot a class action and the Rules' text undermines Plaintiff's arguments over the conflict of interest concern.

The "purpose of Rule 68 is to encourage settlement and avoid litigation," as the rule encourages parties in an action to measure "the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Marek v. Chesny*, 473 U.S. 1, 5 (1985). Under the Rule, "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." FED. R. CIV. P. 68(a). "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." FED. R. CIV. P. 68(d). In the context of Rule 23 class actions and the fiduciary duty a named plaintiff bears, Rule 68 offers can frustrate the purported relief sought through such an action. *See Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 331 (1980) (noting named plaintiff shoulders both individual and class interests); *Weiss v. Regal Collections*, 385 F.3d 337, 344 & n.12, *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016) (finding no bar to using Rule 68 in class actions); 12 CHARLES ALAN WRIGHT ET AL.,

FEDERAL PRACTICE AND PROCEDURE § 3001.1 (2d ed.) [hereinafter WRIGHT AND MILLER] (noting no Rule 68 exception in class actions).[2]

 Although argued in brief, Plaintiff concedes in reply that a defendant offering—or "picking off"—a named plaintiff through a Rule 68 offer of judgment cannot moot a class action. Pl.'s Reply Br., ECF No. 16 at 5.[3] Our Circuit has held that an unaccepted Rule 68 offer of judgment to resolve a named plaintiff's individual claim in a putative class action, when the offer is made before the plaintiff files a motion for class certification, does not moot the plaintiff's entire action, including the putative class claims. *Weitzner v. Sanofi Pasteur, Inc.*, 819 F.3d 61, 64 (3d Cir. 2016) (citing *Campbell-Ewald Co.*, 136 S. Ct. at 666) (stating an unaccepted Rule 68 settlement offer lacks force)); *Weiss*, 385 F.3d at 348 (recognizing if defendant's actions may moot individual claim, class representative retains standing to litigate class certification by relating class certification to the class complaint filing ("relation back" doctrine)). Further, even if a plaintiff accepts an offer of judgment to address an individual claim, the plaintiff retains "a continuing individual interest in the resolution of the class certification question in their desire to shift part of the costs of litigation to those who will share in its benefits if the class is certified and ultimately prevails." *Roper*, 445 U.S. at 336. In *Roper*, the Court recognized that to permit a settlement to end the class action litigation would extinguish the class members' live controversy and thus gave defendants a reason to "buy off" named plaintiffs. *Id.* at 339. Even after the Supreme Court's holding in *Campbell-Ewald*, our Circuit, as first articulated in *Weiss*, reaffirmed the validity of the "pick off" exception to the mootness doctrine. *Richardson v. Bledsoe*, 829 F.3d 273, 286 (3d Cir. 2016).

 Next, Plaintiff contends the potential for abuse in Defendant's Offer based on Rule 68's cost-shifting scheme in that it served to create a conflict of interest between the named plaintiff, with its special fiduciary duty to the class members, and the interests of the putative class members. The abuse Plaintiff identified in its brief about Rule 68's cost-shifting scheme is real, since the "offeree" may bear "personal responsibility" for each side's litigation costs, an amount that "may be far out of proportion to the class representative's stake in a possible individual recovery." 12 WRIGHT AND MILLER, § 3001.1 (footnote omitted). Despite this concern, the text in the Rules undermines this argument and compels this Court to conclude it lacks the authority to invalidate the Offer.

---

[2] In recognizing the friction between Rule 23 and Rule 68, the *Weiss* Court noted the Advisory Committee's failed attempts to bar Rule 68's applicability to class actions. 385 F.3d at 344, n.12 (citations omitted).

[3] Plaintiff's reply brief contains no paragraph numbers, so the Court will reference it through ECF pagination.

Under the Rules, an offer of judgment is not a pleading subject to a motion to strike. Rule 7(a) specifically sets out seven types of "pleadings," none of which include an offer of judgment. *See* FED. R. CIV. P. 7(a)(1)-(7). Thus, since an offer of judgment falls outside the prescribed types of pleadings, then, absent the judgment being filed with the court or offered to prove costs, the Court cannot invalidate Defendant's offer nor penalize the party for making an offer allowed under the Rules. *See, e.g.*, *Ackerman v. Am. Greetings Corp.*, No. 15-656, 2015 WL 9581751, at *3 (D.N.J. Dec. 30, 2015) (concluding that until accepted or offered by a party to prove costs, the court cannot strike a Rule 68 offer of judgment); *McDowall v. Cogan*, 216 F.R.D. 46, 52 (E.D.N.Y. 2003) (citation omitted); *Bogner v. Masari Invs., LLC*, No. 08-1511, 2009 WL 1395398, at *1 (D. Ariz. May 19, 2009). Notwithstanding the Rules' plain language barring Plaintiff's requested relief, the Offer here was neither filed by a party to prove costs nor filed with the Court. In fact, this Court only became aware of the Offer when Plaintiff moved to strike it from the record. *See* Pl.'s Mot., Ex. 2.

Next, the potential abuses Plaintiff cites in Defendant's Offer ignore that, contingent on the decision to certify a class, the relationship among the parties may change, altering the named plaintiff's relationship as the "opposing party" and "offeree." *See* FED. R. CIV. P. 68(a) and (d); *McDowall*, 216 F.R.D. at 50 (maintaining class certification fundamentally alters litigation which negates Rule 68 offer since the offeree changes in post-class certification stage) (citation and quotation omitted). Although the "offeree" may be liable for paying costs attributable to the litigation after the subject offer was made, the "opposing party" referenced in Rule 68(a) may change form if the class action becomes certified. It follows that "the [opposing] party should be conceived of as the individual class [and] the named plaintiff and other class members should not be thought of individually as [opposing] parties." *McDowall*, 216 F.R.D. at 50. It is important for the Court to understand who represents the "offeree," because to give full force and effect to Rule 23 class actions, "it is necessary to conceive of the named plaintiff as a part of an indivisible class and not merely a single adverse party even before the class certification question has been decided." *Weiss*, 385 F.3d at 347; *McDowall*, 216 F.R.D. at 50, n.4. In *Ackerman*, where a Rule 68 offer of judgment was made in the pre-certification stage to the named plaintiff only, the court noted, "In the pre-certification stage, the Court must understand the proper offeree for the purpose of offers of judgment to be the putative class itself, not merely the named plaintiff." 2015 WL 9581751, at *4. In this case, under Rule 68(a), the offer of judgment has not been directed to the proper offeree because Defendant has only made the offer to the named Plaintiff. Thus, the offer lacks legal effect. *See McDowall*, 216 F.R.D. at 52 ("Because the [opposing] party to whom the defendant made the offer ceased to exist once the class came into being, the defendant did not extend its settlement proposal to the true offeree.") (citation omitted).

In support of the conflict of interest argument with Rule 68's cost-shifting scheme, Plaintiff identifies a series of cases where trial courts invalidated such offers. Indeed, district courts have struck Rule 68 offers of judgment made to "pick off" named plaintiffs in a putative class prior to class certification, noting such offers serve the purpose to dampen the efforts of the putative representative in pursuing the class action and "attempt to inject a conflict of interest between [the class representative] and those she seeks to represent." *Zeigenfuse v. Apex Asset Mgmt., LLC*, 239 F.R.D. 400, 403 (E.D. Pa. 2006); *see also Boles v. Moss Codilis, LLP*, No. SA-10-CV-1003-XR, 2011 WL 4345289 (W.D. Tex. Sept. 15, 2011); *Smith v. NCO Fin. Sys., Inc.*, 257 F.R.D. 429, 433-34 (E.D. Pa. 2009); *Strausser v. ACB Receivables Mgmt., Inc.*, No. Civ.A.06 5109, 2007 WL 512789, at *1 (E.D. Pa. Feb. 12, 2007). Despite such decisions, however, Plaintiff, in citing *Zeigenfuse*, *Boles*, *Smith*, and *Strausser* for support, overlooks the fact that those decisions rested on Rule 68 being inapplicable in pre-certification stage class actions when, in fact, no rule bars its application. *See McDowall*, 216 F.R.D. at 49 (citing *Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP*, 258 F. Supp. 2d 157, 161 (E.D.N.Y. 2003); *Ambalu v. Rosenblatt*, 194 F.R.D. 451, 453 (E.D.N.Y. 2000) (in pre-certification stage, nothing prohibits a defendant from making a Rule 68 offer of judgment)). Thus, under the Rules, the Court cannot strike the unfiled Offer because it is not a pleading. Also, the unaccepted Offer was neither filed with nor presented to the Court as evidence in a proceeding to determine costs.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion to strike is **DENIED**. An appropriate order follows.

                                               */s/ William J. Martini*
                                        **WILLIAM J. MARTINI, U.S.D.J.**

**Date: October 1, 2017**